# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEVEN J. TRAPP and
AMANDA L. FERGUSON-TRAPP,

        Plaintiffs,

v.                                                              Case No. 05-4100-SAC

STERLING EQUITY, LLC,
et al.

        Defendants.

## REPORT AND RECOMMENDATIONS

This matter comes before the court upon Plaintiff Steven Trapp and Amanda Ferguson-Trapp's Complaint (Doc. 1) and Mr. Trapp's Motion to Proceed *In Forma Pauperis* (Doc. 2).

**Relevant Factual Background**

On August 18, 2005, Plaintiffs Steven Trapp and Amanda L. Ferguson-Trapp filed a complaint (Doc. 1) in the United States District Court for the District of Kansas. In their complaint, the plaintiffs seek damages from defendants based on numerous state law theories, including breach of contract, fraud, misrepresentation, breach of covenant of good faith and fair dealing, breach of fiduciary duty, referral to unlicensed mortgage brokers, conversion, and conspiracy.[1] Plaintiffs do not allege violations of federal statutes or the U.S. Constitution in their complaint.[2]

Also on August 18, 2005, Plaintiff Steven Trapp filed a Motion to Proceed *In Forma*

---

[1] Plaintiffs' Complaint (Doc. 1) at 7-11.

[2] *Id.*

1

*Pauperis* (Doc. 2). Based on plaintiffs' complaint as well as Mr. Trapp's Motion To Proceed *In Forma Pauperis*, the court now makes the following report and recommendations.

**Discussion**

The court recommends dismissal of plaintiffs' action based on a lack of subject matter jurisdiction. The court fails to find any underlying federal questions or claims in plaintiff's complaint such that subject matter jurisdiction could be invoked under 28 U.S.C. § 1331. Furthermore, the court finds that diversity is lacking under 28 U.S.C. § 1332 in this case. Plaintiff Amanda L. Ferguson-Trapp is alleged to be a citizen of the State of Kansas. Additionally, at least three of the named defendants in this action – Mark Defoor, Sterling Equity, LLC, and Carter Cordts Real Estate, LLC – are also alleged to be citizens of the State of Kansas. Because diversity is lacking under § 1332, the court lacks subject matter jurisdiction over this action, and the court recommends dismissal of this action pursuant to Rule 12(h)(3).

As a final matter, the court further recommends that Plaintiff Steven Trapp's Motion to Proceed *In Forma Pauperis* (Doc. 2) be denied as moot in conjunction with the dismissal in this action.

**Analysis of Subject Matter Jurisdiction**

As stated above, the court recommends dismissal of this action. The Federal Rules of Civil Procedure state that the court shall dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter[.]"[3]

Subject matter jurisdiction is essential to maintaining an action in federal district court and can

---

[3] Fed. R. Civ. P. 12(h)(3).

arise in two distinct ways. First, the federal district courts have subject matter jurisdiction under 28 U.S.C. § 1331 for claims arising under the U.S. Constitution and/or federal law.[4]  Second, the federal district courts have subject matter jurisdiction under 28 U.S.C. § 1332 over claims where the matter in controversy exceeds $75,000 and is between citizens of different states.[5]

In their complaint in this case, plaintiffs allege no claim arising under federal law or the U.S. Constitution; thus, § 1331 is inapplicable.  The issue then becomes whether the court has subject matter jurisdiction over plaintiffs' action under § 1332, the diversity statute.

The court finds that diversity is lacking in this case under §1332.  Under well-settled law, diversity jurisdiction does not exist under § 1332 unless *each* defendant is a citizen of a different state from *each* plaintiff.[6]  In their complaint, plaintiffs specifically allege that Plaintiff Amanda L. Ferguson-Trapp is a resident and citizen of the State of Kansas.[7]  Thus, if any of the named defendants in this action are also citizens of the State of Kansas, diversity will be destroyed and the court will lack subject matter jurisdiction over the action.[8]

---

[4]28 U.S.C. § 1331.

[5]28 U.S.C. § 1332(a)(1).

[6]*Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."). *See also Bishop v. Moore*, 2000 U.S. Dist. LEXIS 2364 at *4 (D. Kan. February 7, 2000) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).

[7]Plaintiffs' Complaint (Doc. 1) at 1 ("Plaintiff is informed and believes and on that basis alleges that MARK W. DEFOOR at all times relative hereto has been and is now, a resident of the State of Kansas, County of Johnson.").

[8]*See Owen Equipment & Erection Co.*, 437 U.S. at 373. ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."). *See also Bishop v.*

In this case, the court finds that several defendants are indeed citizens of Kansas. By the plaintiffs' own allegations as set forth in their complaint, Defendant Mark W. Defoor is a resident and citizen of the State of Kansas.[9] Moreover, at least two of the corporate defendants named in plaintiffs' complaint are also citizens of the State of Kansas.  Under §1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.[10] While not specifically addressed in the plaintiffs' complaint, public records indicate and the court takes judicial notice of the fact that at least two of the named corporate defendants in this action – Sterling Equity, LLC and Carter Cordts Real Estate, LLC – are incorporated in the State of Kansas and thus qualify as citizens of the State of Kansas under § 1332(c).[11]  Therefore, under well-settled law, diversity is lacking in this action, since Plaintiff Amanda Ferguson-Trapp and Defendants Mark Defoor, Sterling Equity, LLC, and Carter Cordts Real Estate, LLC, are all citizens of the State of Kansas.  Because diversity is lacking under § 1332, the court lacks subject matter jurisdiction over this action. The court thus recommends dismissal under the circumstances and pursuant to Rule 12(h)(3).

As a final matter, the court also recommends denial of Plaintiff Steven Trapp's Motion to Proceed *In Forma Pauperis* (Doc. 2) as moot in conjunction with the dismissal of this action.

---

*Moore*, 2000 U.S. Dist. LEXIS 2364 at *4 (D. Kan. February 7, 2000) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).

[9] Plaintiffs' Complaint (Doc. 1) at 2.

[10] 28 U.S.C. § 1332(c)(1).

[11] *See* Fed. R. Evid. 201(b); *See also* Kansas Secretary of State, "Business Entity Search" for "Sterling Equity, LLC," and "Carter Cordts Real Estate, LLC."  *Available at* http://www.accesskansas.org/srv-corporations/index.do.

**IT IS THEREFORE RECOMMENDED** that plaintiff's action, *Trapp, et al. v. Sterling Equity, LLC, et al.,* Case No. 05-4100-SAC, be dismissed.

**IT IS FURTHER RECOMMENDED** that Plaintiff Steven Trapp's Motion to Proceed *In Forma Pauperis* (Doc. 2) be dismissed as moot in conjunction with the dismissal of this action.

Copies of this recommendation and report shall be mailed either electronically or via the United States Postal Service to counsel of record for the parties. Pursuant to 28 U.S.C. § 636 (b)(1), as set forth in Federal Rule of Civil Procedure 72(b) and D. Kan Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated this 29th day of August, 2005, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius,
U.S. Magistrate Judge