IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN G. TRAPP and
AMANDA L. FERGUSON-TRAPP,

                    Plaintiff,

   Vs.                                                      No. 05-4100-SAC

STERLING EQUITY, LLC,
d/b/a Foxhill Financial Group, LLC; et al.,

                    Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the United States Magistrate Judge's report and recommendation filed August 29, 2005, that recommends this action be dismissed for lack of subject matter jurisdiction and the plaintiff's motion to proceed *in forma pauperis* be denied as moot in light of the dismissal. (Dk. 3). Within the required time, plaintiff Steven G. Trapp filed an objection to the report and recommendation. (Dk. 4).

"De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted). Rule 72(b) of the Federal Rules of Civil Procedure requires a district

judge to “make a de novo determination upon the record, . . ., of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.” Those parts of the report and recommendation to which there has been no objection are taken as true and judged on the applicable law. *See Campbell v. United States District Court for the Northern Dist. of California*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974). When review is de novo, the district court is “‘free to follow . . . or wholly . . . ignore’” the magistrate judge's recommendation, but it “‘should make an independent determination of the issues’” without giving “‘any special weight to the prior’” recommendation. *Andrews v. Deland*, 943 F.2d 1162, 1170 (10th Cir. 1991) (quoting *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988)), *cert. denied*, 502 U.S. 1110 (1992). In short, the district court may accept, reject, or modify the magistrate judge's findings, or recommit the matter to the magistrate with instructions. *See* 28 U.S.C. § 636(b)(1).

The plaintiff objects to the magistrate’s finding that “there are no underlying federal questions or claims,” and the plaintiff asks for leave of the court “to amend the complaint to specify such claims.” (Dk. 4, p. 1). The plaintiff argues his actions for breach of the covenant of good faith and fair dealing, for breach of contract and conspiracy state claims for the violation of his constitutional

right to due process, in that he was deprived of his right to real and personal property without due process of law. Citing *National Bank v. Associates of Obstetrics*, 425 U.S. 460 (1976),[1] the plaintiff contends that one of the named defendants is a federally secured national bank and that federal jurisdiction exists on a breach of contract of action against an out-of-state bank. Notably, the plaintiff does not object to the magistrate judge's finding that diversity is lacking in this case as to provide jurisdiction under 28 U.S.C. § 1332.

Jurisdiction to proceed in a United States District Court is limited, and the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists for him to proceed in federal court. The court liberally construes the allegations of a pro se complaint. *See Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). Here, even a liberal reading of plaintiff's pro se pleading fails to establish any subject matter jurisdiction based on the diversity of the parties, 28 U.S.C. 1332, or based on the presentation of a federal question, 28 U.S.C. 1331.

Federal district courts have original jurisdiction of civil actions where

[1]The cited case does not stand for the proposition argued by the plaintiff. The case was filed and tried in state court and came before the United States Supreme Court only by writ of certiorari. The issue in that case was not federal subject matter jurisdiction but the venue provision under the National Bank Act which did not create federal court jurisdiction.

complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist. 28 U.S.C. § 1332; *see Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990) ( "Since its enactment, [the Supreme Court] has interpreted the diversity statute to require 'complete diversity' of citizenship."). As interpreted, this statute provides federal district courts with original diversity jurisdiction "'only if there is no plaintiff and no defendant who are citizens of the same State.'" *Gadlin v. Sybron Intern. Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (quoting *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998)). The plaintiffs' complaint does not support diversity jurisdiction, as it alleges that the plaintiff Amanda L. Ferguson-Trapp and one or more of the defendants are citizens of Kansas.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint." *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986) (citations omitted). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Id.* The plaintiffs' complaint does not identify any federal constitutional or statutory

provision.

In his objection, the plaintiff Trapp generally alleges that their claims arise out of federal law. "Merely alleging that 'federal questions are involved'" does not convert a state common-law claim into a federal question. *Martinez v. U.S. Olympic Committee*, 802 F.2d at 1280. The plaintiff Trapp asks for leave to add a constitutional claim for denial of due process. To raise a constitutional claim, the plaintiffs must allege "that the defendants acted under color of state law to deprive him of a constitutional right." *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992) (citation omitted). The complaint does not include any such allegation, and the facts presently outlined in their complaint would not support any such allegation. Section 1331 fails to confer subject matter jurisdiction over the plaintiffs' complaint. The plaintiff Trapp has offered the court no basis for believing that, if given the chance to amend the complaint, he could state a claim over which this court would have jurisdiction. Thus, the court finds it would be futile to grant the plaintiff Trapp leave to amend the complaint. Accordingly, the court finds the complaint is subject to being summarily dismissed for lack of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) (first responsibility of U.S. District Court is to determine jurisdiction and dismiss the action is jurisdiction is lacking).

IT IS THEREFORE ORDERED that the that plaintiff Trapp's objections (Dk. 4) to the report and recommendation of United States Magistrate Judge are overruled;

IT IS FURTHER ORDERED that the report and recommendation is accepted and adopted, and the case is dismissed for lack of subject matter jurisdiction and the plaintiff's motion to proceed *in forma pauperis* is accordingly denied as moot.

Dated this 15th day of September, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge